IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JIMMY MARK APPLEMAN, #334182 | § | |
| VS. | § | CIVIL ACTION NO. 9:06cv251 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Judith K. Guthrie. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition of this case.

Petitioner filed the following objections to the Report: (1) the Magistrate Judge issued the Report and Recommendation when she knew that a pending complaint, 05-08-90119, was under consideration and investigation in the Fifth Circuit Court of Appeals; (2) even though Petitioner did not consent to the Magistrate Judge's deciding his case, the Magistrate Judge erred in failing to grant Petitioner's motions for her to recuse herself; (3) Petitioner did not claim that the Hightower Unit was on lockdown, but that he was in "isolation on lockdown"; and (4) the documents submitted by Respondent to show that Petitioner could have obtained grievance forms are irrelevant because they concern irrelevant dates. The filing of a complaint against a judge does not disqualify the judge from issuing a report and recommendation in the complainant's case. *See Thompson v. Eva's Village and Sheltering Program*, 162 Fed. Appx. 154 (3d Cir. 2006); *In re Mann*, 229 F.3d 657, 658 (7th Cir, 2000); *Proctor v. Engstrom*, 95 Fed. Appx. 192, 193 (8th Cir. 2004). As addressed in the

Court's Order denying Petitioner's motions for the Magistrate Judge to recuse herself, no basis for recusal has been shown by Petitioner. Furthermore, Petitioner's consent is not required for the Magistrate Judge to issue a Report and Recommendation containing proposed findings of fact and recommendations for disposition of this case. *See* 28 U.S.C. § 636(b)(1) and (3). As the Report and Recommendation explains, the record includes affidavits that show both that no cells at the Hightower Unit are designated as "isolation" cells and that the policy at the Hightower Unit is to supply and collect grievance forms even for those in isolation or on lock-down.

Petitioner contends that the documents submitted by Respondent to show that Petitioner could have obtained grievance forms are irrelevant because they concern irrelevant dates because Petitioner only had fifteen days after the step one grievance was returned to file a step two grievance. Petitioner's petition challenges eight prison disciplinary proceedings in which he was found guilty. Petitioner points out that the step one grievances were denied on December 29, 2005; December 30, 2005; January 3, 2006; January 13, 2006; and January 17, 2006. Full exhaustion of administrative remedies requires that the inmate file a step two grievance form within fifteen days of the date that the warden signed the step one grievance form. In Petitioner's objections, he contends that because he was in "isolation on lockdown," he was unable to receive the step two grievance forms between December 29, 2005, and February 1, 2006. However, the record includes affidavits that show that the policy at the Hightower Unit is to supply and collect grievance forms even for those in isolation or on lock-down.

This Court made a *de novo* review of Petitioner's objections and determined that they lack merit. This Court finds that the Magistrate Judge's findings and conclusions are correct, and adopts

them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**;

**ORDERS** that Petitioner is **DENIED** a certificate of appealability; and

**ORDERS** that all motions not previously ruled on are denied.

So **ORDERED** and **SIGNED** this **5** day of **December, 2008.**

_____
Ron Clark, United States District Judge